STATE OF MICHIGAN
THIRD CIRCUIT COURT

# SUMMONS AND RETURN OF SERVICE

CASE NO. 10-004410-NO

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Daphne Means Curtis Bar Number: 26255

PLAINTIFF

REDD, MEGALE SHAVONTE

VS

DEFENDANT

DETROIT CITY OF

RECEIVED
APR 27 2010
CITY OF DETROIT
LAW DEPARTMENT
CHIEF'S OFFICE
LITIGATION DIVISION

PLAINTIFF'S ATTORNEY

Gonek, Ben M.
(P-43716)
101 W Big Beaver Rd Ste 1000
Troy, MI 48084-5280
(248) 457-7122

19 APR 10 10:39
--CITY CLERK--

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
| 04/14/2010 | 07/14/2010 | Felicia Reid |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ____________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ____________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date ____________________ Signature of attorney/plaintiff ____________________

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

MEGALE SHAVONTE REDD,
Plaintiff,

REDD, MEGALE SHAVONTE v STEWART,
Hon. Daphne Means Curtis 04/14/2010
10-004410-NO

-vs

RUFFUS STEWART, LASHAUD WELCOME,
In their Individual capacities,
and the CITY OF DETROIT,
Jointly and Severally,

Defendants.
_______________________________/

BEN M. GONEK (P43716)
Ben M. Gonek, P.C.
Attorney for Plaintiff
101 West Big Beaver Road
10th Floor
Troy, Michigan 48084
(248) 457-7141
_______________________________/

There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint.

## COMPLAINT AND JURY DEMAND

NOW COMES, the Plaintiff, MEGALE SHAVONTE REDD, by and through his attorney, BEN M. GONEK, and for his Complaint in this matter, states the following:

## INTRODUCTION

1. This cause of action is civil in nature and arises from the actions of individuals employed as police officers through the Detroit Police Department contrary to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America as well as state law.

2. Defendants, while acting intentionally with malice and ill will and in wanton and willful disregard to Plaintiff MEGALE SHAVONTE REDD's (hereinafter, "Mr. Redd") Constitutional Rights, caused Mr. Redd to be unlawfully arrested and imprisoned without the existence of probable cause, to be unlawfully searched and seized where there was no legal justification to do so, and to be maliciously prosecuted in direct violation of his constitutional rights.

## PARTIES

3. Plaintiff, Mr. Redd, is a resident of the City of Detroit, County of Wayne, State of Michigan.

4. Upon information and belief, DEFENDANT RUFFUS STEWERT (hereinafter, "Stewert") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.

5. Upon information and belief, DEFENDANT LASHAUD WELCOME (hereinafter, "Welcome") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.

6. Defendant CITY OF DETROIT is a governmental subdivision located in Wayne County, Michigan, and at all times relevant to this complaint had overall control and supervision of the operations of the Detroit Police Department, and is being sued jointly and severally along with the above individually named Defendants.

7. At all times relevant herein and in their actions described herein, the individually named Defendants were acting under the color of state law.

8. At the time the events alleged in this Complaint occurred, the individually named Defendants were violating Mr. Redd's clearly established Constitutional Rights and Defendants' actions were clearly unreasonable. As such, Defendants are not entitled to the defenses of either qualified or governmental immunity.

9. At all material times, Defendant CITY OF DETROIT employed the individually named Defendants as police officers and is liable for their illegal acts. Defendant CITY OF DETROIT is also liable because of its policies, practices, and customs which lead to this incident and Complaint.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States as well as state law.

11. The actions alleged in this Complaint took place in the County of Wayne, State of Michigan, and the Plaintiff is seeking damages in excess of $25,000, exclusive of interest and costs.

12. Thus, jurisdiction and venue are proper in this Court.

## FACTS

13. Plaintiff incorporates by reference paragraphs one (1) through twelve (12) of this Complaint as if fully stated herein.

14. On or about February 25, 2009, Mr. Redd was driving a friend's vehicle in the area of Chicago and Schaefer in the City of Detroit, County of Wayne, State of Michigan.

15. Defendant Stewert and Defendant Welcome were on routine patrol in that area at that time and place.

16. Mr. Redd, along with 2 passengers, was parked at and inside of a gas station near

Chicago and Schafer.

17. Defendants, in their marked vehicle, pulled up next to Mr. Redd's vehicle and waited for him to come out of the station.

18. Upon exiting the gas station, the Defendants seized Mr. Redd and searched both him and the vehicle. The Defendants claim they retrieved a handgun and marijuana from Mr. Redd's person.

19. At the time of the search and seizure, the Defendants did not have a search warrant or any other legal justification to search the vehicle.

20. Subsequently Mr. Redd was arrested and incarcerated.

21. Both Defendants completed police reports and felony complaints that claimed Mr. Redd was alone, committed a traffic violation, and had a handgun and marijuana on his person.

22. Because of the falsified police reports and felony complaint, Mr. Redd was charged with Carrying a Concealed Weapon, a 5-year felony, and Possession of Marijuana, a 1-year misdemeanor.

23. Defendant Stewert testified under oath at the preliminary examination to the facts contained in paragraph 21 of this Complaint.

24. Because of the perjured testimony of Defendant Stewert, Mr. Redd was bound over on the charges.

25. On April 20, 2009 in the Wayne County Circuit Court the case was dismissed because of the individual Defendants illegal conduct.

26. Subsequent video evidence showed that the Defendants could not have seen any illegal traffic maneuver by Mr. Redd, that there were other individuals in the vehicle with Mr. Redd, and that both the handgun and the marijuana were planted on Mr. Redd by the

Defendants.

27. As a result of their actions in this case by falsifying police reports and offering perjured testimony, both Defendants have been convicted of a felony.

## FIRST CLAIM
### Unlawful Arrest and Imprisonment under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as if fully stated herein.

29. By arresting and imprisoning Mr. Redd where there was no probable cause to do so, the individually named Defendants, acting individually or in concert under the color of law, acted intentionally, maliciously, and with ill will in wanton and willful disregard to Mr. Redd's Rights under the Constitution.

30. Any reasonable person or police officer should have known that such actions were in violation of Mr. Redd's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

31. As a direct and proximate result of Defendants' actions and the unlawful arrest and imprisonment of Mr. Redd, Mr. Redd suffered injury and damage including, but not limited to, the following:

   a. Physical injuries;
   b. Pain, suffering, and emotional distress;
   c. Injuries to his reputation;
   d. Aggravation of pre-existing medical conditions;
   e. Humiliation, mortification, and embarrassment;
   f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## SECOND CLAIM

**Malicious Prosecution under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as if fully stated herein.

33. By intentionally fabricating evidence in police and investigator reports and by offering perjured testimony at the preliminary examination for the purpose of subjecting Mr. Redd to criminal prosecution, the individually named Defendants, acting individually and in concert under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Mr. Redd's Rights under the Constitution.

34. Any reasonable person or police officer should have known that such actions were in violation of Mr. Redd's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

35. As a direct and proximate result of Defendants' actions and the malicious prosecution of Mr. Redd, Mr. Redd suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## THIRD CLAIM
**Illegal Search and Seizure under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

36. Plaintiff incorporates by reference paragraphs one (1) through thirty-five (35) of this Complaint as if fully stated herein.

37. By illegally searching Mr. Redd and seizing his vehicle where there was not probable cause or any legal justification to take such actions, the individually named Defendants, acting individually and in concert under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Mr. Redd's Rights under the Constitution.

38. Any reasonable person or police officer should have known that such actions were in violation of Mr. Redd's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

39. As a direct and proximate result of Defendants' actions and the illegal search and seizure of Mr. Redd and his vehicle, Mr. Redd suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**FOURTH CLAIM**
**Constitutional Violations – City of Detroit**

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-nine (39) of this Complaint as if fully stated herein.

41. The individually named Defendants committed the Constitutional violations described in this Complaint as a result of the training and/or lack of training, policies, procedures and customs adopted by the City of Detroit Police Department and Defendant CITY of DETROIT, and the lack of discipline implemented by the City of Detroit Police Department and/or Defendant CITY of DETROIT.

42. Defendant CITY of DETROIT, through its police department, failed to properly train, monitor, direct, discipline and supervise its officers, and knew or should have known that the officers, and specifically the individually named Defendant, would engage in the complained of behavior given the improper training, customs, procedures, practices and policies of the City of Detroit Police Department, and the lack of disciplined imposed.

43. The improper polices, practices, procedures and customs of Defendant CITY OF DETROIT and the City of Detroit Police Department, as well as the improper training, monitoring, instruction, direction, discipline and supervision by the City of Detroit Police Department, proximately caused the violation of Plaintiff's Fourth and Fourteenth Amendment rights.

44. As a direct and proximate result of Defendants' violation of Mr. Redd's Constitutional rights, Plaintiff suffered injury and damages including, but not limited to, the following:

a. physical injuries;

b. pain, suffering, and emotional distress;

c. injuries to his reputation;

d. post traumatic stress disorder;

e. anxiety and depression;

f. humiliation, mortification, and embarrassment; and

g. other injuries, damages and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**<u>FIFTH CLAIM</u>**
**False Arrest and Imprisonment under State Law**

45. Plaintiff incorporates by reference paragraphs one (1) through forty-four (44) of this Complaint as if fully stated herein.

46. By arresting and imprisoning Mr. Redd where there was no probable cause to do so, the individually named Defendants, acting individually or in concert under the color of law, acted intentionally, maliciously, with bad faith, and with ill will.

47. Any reasonable person or police officer should have known that such actions were in bad faith, thus Defendants are not entitled to governmental immunity.

48. As a direct and proximate result of Defendants' actions and the unlawful arrest and imprisonment of Mr. Redd, Mr. Redd suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## SIXTH CLAIM
**Malicious Prosecution under State Law**

49. Plaintiff incorporates by reference paragraphs one (1) through forty-eight (48) of this Complaint as if fully stated herein.

50. By intentionally fabricating evidence in police and investigator reports and by offering perjured testimony at the preliminary examination for the purpose of subjecting Mr. Redd to criminal prosecution, the individually named Defendants, acting individually and in concert under the color of law, acted intentionally, maliciously, with bad faith, and with ill will.

51. Any reasonable person or police officer should have known that such actions were in bad faith, thus Defendants are not entitled to governmental immunity.

52. As a direct and proximate result of Defendants' actions and the malicious prosecution of Mr. Redd, Mr. Redd suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MEGALE SHAVONTE REDD respectfully requests that this Honorable Court grant the following relief against the Defendants:

A. Compensatory damages in an amount which is fair, just and reasonable;

B. Punitive damages in an amount to be determined by the Court or at trial which is fair, just, and reasonable based on the intentional, malicious, and willful conduct of the Defendants;

C. Equitable relief, including that this Court may enjoin and order that Defendants, their officers, agents, employees, and successors in office, be made to adopt appropriate policies to prevent future instances of the type of unlawful practices described in this Complaint;

D. Attorney fees, costs of this action, and costs of other actions that may be associated with the events and actions described in this Complaint; and

E. Such other and further relief as this Court may deem equitable, necessary, appropriate, and just.

Respectfully Submitted,

BEN M. GONEK (P43716)
Ben M. Gonek, P.C.
Attorney for Plaintiff
101 W. Big Beaver Road
10th Floor
Troy, Michigan 48084
(248) 457-7141

Dated: April 14, 2010